**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BARTLEY S. BACKUS,<br><br>                  Plaintiff,<br><br>v.<br><br>DAVID LAWICKA, et al.,<br><br>                  Defendants. | 3:20-cv-00008-MMD-CLB<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Barley Backus's ("Backus"), application to proceed *in forma pauperis* (ECF No. 1), and *pro se* civil rights complaint (ECF No. 1-1). For the reasons stated below, the court recommends that Backus's *in forma pauperis* application (ECF No. 1) be granted, and his complaint (ECF No. 1-1) be dismissed, with prejudice.

**I.     *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1. "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Backus cannot pay the filing fee; therefore, the court recommends that the application (ECF No. 1) be granted.

## II.   SCREENING STANDARD

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See*

*Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**III.    SCREENING OF COMPLAINT**

Backus brings this action pursuant to 42 U.S.C. § 1983 against Defendants Auburn Police Officer David Lawicka, Placer County Superior Courts, Family Courts, Old Traffic Court, Placer County Jail, Metropolitan State Hospital, Placer County Probation Departments, Placer County Sheriff's Department, Placer County District Attorney's Office, Sacramento County Family Court, Sacramento County Jail, Sacramento F.B.I, U.S. Attorney's Office, Attorney General's Office, Auburn Police Department, Pershing County Sheriff's Office, Motor Vehicle Registration, Reno Law Library, Reno Police Department, Washoe County Sheriff Parking Lot, Washoe County Building A, and Reno and Sparks Welfare & Supportive Services.  (ECF No. 1-1.)

1    Backus alleges that he has been assaulted by radio waves or signals for years while
2 in or near the named buildings, causing damage to his vision as well as skin moles and
3 growths. (*Id.* at 11.) Backus asserts that the foregoing violated his Fourth Amendment right
4 against unreasonable searches and seizures, the Thirteenth Amendment's prohibition of
5 slavery, and the Fourteenth Amendment's Equal Protection Clause. (*Id.* at 9.)

6    First, the majority of the named "defendants" are actually inanimate buildings, not
7 persons or entities subject to liability. The law defines persons as including natural persons
8 (*i.e.* human beings), as well as corporations and political subdivisions. However, objects
9 such as buildings do not fit within this definition. Thus, the majority of defendants listed are
10 not subject to liability. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-0857-RLH, 2011 WL
11 197201, *4 (D. Nev. Jan. 20, 2011).

12    Second, even construing the allegations of Backus's complaint liberally, it is difficult
13 to imagine a set of circumstances under which they would give rise to any federal
14 constitutional or statutory right. The allegations are vague and confusing, such that the court
15 cannot discern any claim under § 1983. Simply put, Backus's allegations do not meet the
16 threshold standard of plausibility required by *Twombly*. Therefore, the action should be
17 dismissed with prejudice. Leave to amend is not appropriate because it is clear that the
18 deficiencies in Backus's complaint could not be cured by amendment. *See Cato*, 70 F.3d
19 at 1106.

20 **IV.    CONCLUSION**

21    Consistent with the above, the court finds that dismissal is warranted under 28 U.S.C.
22 § 1915(e)(2)(B)(ii). Because amendment would be futile, the dismissal should be with
23 prejudice. *See Cato*, 70 F.3d at 1106.

24 The parties are advised:

25    1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of
26 Practice, the parties may file specific written objections to this Report and Recommendation
27 within fourteen days of receipt. These objections should be entitled "Objections to

-4-

1 Magistrate Judge's Report and Recommendation" and should be accompanied by points
2 and authorities for consideration by the District Court.
3     2.    This Report and Recommendation is not an appealable order and any notice
4 of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District
5 Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Backus's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Backus's complaint (ECF No. 1-1); and,

**IT IS FURTHER RECOMMENDED** that the complaint (ECF No. 1-1) be **DISMISSED, WITH PREJUDICE**.

**DATED:** March 27, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**

-5-